UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-00066-VAP (DTBx) | Date | May 17, 2017 |
| Title | In re 3660 La Hacienda Drive, San Bernardino, California 92404 | | |

Present: The Honorable VIRGINIA A. PHILLIPS, CHIEF UNITED STATES DISTRICT JUDGE

| BEATRICE HERRERA | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** MINUTE ORDER DENYING CLAIMANT Edgar C. Keller'S MOTION TO REMAND (IN CHAMBERS)

On April 18, 2017, Claimant Edgar C. Keller filed a Motion to Remand Proceeding to State Court and set the hearing on that motion for May 8, 2017. (Doc. No. 13.) On April 27, 2017, the United States of America filed its opposition. (Doc. No. 15.)

This matter is appropriate for resolution without hearing pursuant to Local Rule 7-15 and will stand submitted on the papers timely filed. Having considered the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion.

## I. Background

On or about May 15, 2016, the Guild Administration Corporation, pursuant to its duties as property trustee, sold the residence located at 3660 La Hacienda Drive, San Bernardino, California. (Doc. No. 13 at 2.) Upon completion of the trustee sale, the Guild Administration acquired excess proceeds of approximately $150,000. (Id.) In June 2016, the Guild

Administration sent notice to potential lien holders of the excess proceeds and requested all interested persons and entities file a written claim if they wished to assert ownership ("June 2016 notice"). (Id.) The Internal Revenue Service ("IRS"), as well as several other interested parties, filed claims with the Guild Administration shortly thereafter. (Id.)

On or about September 23, 2016, the Guild Administration deposited the excess funds with the Superior Court of California for the County of San Bernardino and sent written notice to all interested parties that they had to file their claims with the superior court within 30 days ("September 2016 notice"). (Id. at 3.) That notice was sent to the Tax Division of the U.S. Attorney's Office in San Francisco, California, as well as IRS offices in Laguna Nigel and Oakland, California, and the Tax Division of the Department of Justice in Washington D.C. (collectively, "Four Government Addresses"). (Id. at 3.) Over the next several weeks, the superior court mailed a notice of hearing and several claimants mailed copies of their claims to the Four Government Addresses. (Id. at 3-4.) On November 16, 2016, the superior court ordered that approximately $41,000 of the excess proceeds be paid to the California Franchise Tax Board. (Id. at 4.) On December 20, 2016, the superior court clerk released those funds to the Franchise Tax Board. (Doc. No. 16 at 3.)[1]

On January 5, 2017, the United States Attorney's Office for the Central District of California received a copy of the September 2016 notice regarding unresolved claims from the sale of 3660 La Hacienda Drive. (Doc. Nos. 1 at 1-2, 1-1 at 2-8.) On January 11, 2017, the superior court conducted a hearing regarding the disbursement of the excess proceeds. Claimant Edgar C. Keller and Janet M. Keller appeared at the hearing and submitted a proposed order to the superior court that disbursed the remaining funds equally between themselves. (Id. at 4, 20.) On January 13, 2017, the Government removed this matter to federal court. (Doc. No. 1.)

---

[1] On May 8, 2017, the Government and the Franchise Tax Board filed a joint stipulation in this Court agreeing that the IRS liens have priority and stating that the "Franchise Tax Board has no objection to a final order directing it to pay the United States the interpleaded funds that were distributed to it." (Doc. No. 16 at 2-3.)

## II. Discussion

Claimant contends that the IRS waived its right to remove this action by failing to file a claim with the superior court or remove the action in a timely fashion. (Doc. No. 13 at 8.) Claimant points to California Civil Code § 2924j(d), which requires that claims be filed with the superior court within 30 days from the date of notice of excess funds.

### A. Timeliness

As set forth in 28 U.S.C. § 1446(b), removal must be made within 30 days of receipt by the defendant of a copy of the initial pleading. The U.S. Supreme Court has explained that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) (emphasis added).

"The procedural requirements for 'actions in the State courts' that 'involv[e] liens arising under the internal revenue laws' are set forth in 28 U.S.C. § 2410(b)." Quality Loan Service Corp. v. 24702 Pallas Way, 635 F.3d 1128, 1133 (9th Cir. 2011). Section 2410(b) provides that "service upon the United States shall be made by serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action is brought" (or upon his designee) and "by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States at Washington, District of Columbia."

Pursuant to § 2410(b), the removal clock in this matter did not start until the U.S. Attorney's Office for the Central District of California received a copy of the September 2016 notice on January 5, 2017. As the Government removed this action only eight days after receiving that notice, removal was timely.

B.  Right to Remove

Pursuant to 28 U.S.C. § 1444, the United States has the right to remove "[a]ny action brought under section 2410 of this title against the United States in any State court." Section 2410(a) provides that "the United States may be named a party in any civil action or suit . . . in any State court having jurisdiction of the subject matter . . . of interpleader or in the nature of interpleader with respect to[] real or personal property on which the United States has or claims a mortgage or other lean."

The Ninth Circuit has held that actions filed under California Civil Code § 2924j seeking to resolve competing claims to a fund possessed by a disinterested stakeholder are "functionally equivalent to an action in interpleader and therefore [are] interpleader within the meaning of section 2410." Quality Loan Service Corp, 635 F.3d at 1132. The Government, therefore, had the right to remove this action pursuant to sections 1444 and 2410. See also United States v. Acri, 348 U.S. 211, 213 (1955) (stating that the "relative priority of the lien of the United States for unpaid taxes is . . . always a federal question to be determined finally by the federal courts.").

Claimant contends that § 2410's provisions do not apply because the action was initially filed "in rem" with no named "defendants." (Doc. No. 13 at 10.) That argument fails. Courts routinely construe § 2410's requirement that the Government be "named a party in any civil action or suit" broadly, including situations where the purpose of the action is to determine the priority of claims to money or property. See Hussain v. Boston Old Colony Ins. Co., 311 F.3d 623, 634 (5th Cir. 2002) ("As the requirement that the government be 'named a party in any civil action' relates more to the form of relief sought in the underlying state court proceedings than to the waiver of sovereign immunity, we interpret 'any civil action or suit' broadly to include the instant orders to show cause because their purpose is to determine the priority of claims to money or property.").

C. Equitable Estoppel

Claimant also argues that the Government is equitably estopped from demanding compliance with § 2410 because the IRS responded to the Guild Administration mailing in June 2016, which was not mailed to the United States Attorney's Office for the Central District of California, and the only address that appeared on the response was one for the IRS's office in Laguna Nigel, California. (Doc. No. 13 at 10-11.)

"A party seeking to raise estoppel against the government must establish affirmative misconduct going beyond mere negligence; even then, estoppel will only apply where the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability." Morgan v. Gonzales, 495 F.3d 1084, 1092 (9th Cir. 2007). Moreover, "[e]stoppel against the government is unavailable where petitioners have not lost any rights to which they were entitled." Id.

Claimant has not established that the Government's failure to file a claim before removing this action in January 2017 amounted to anything more than mere negligence, the Government's conduct will cause serious injustice, or the loss of any rights to which Claimant was entitled. Accordingly, the Government is not estopped from removing this action.

## III. Conclusion

For the foregoing reasons, Claimant's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**